In re OPINION OF THE JUDGES.
In re FRANK CLARK.

No. A-8712. Sept. 28, 1934.
(36 Pac. [2d] 310.)

See, also, 55 Okla. Cr. 381, 31 Pac. (2d) 159.

DAVENPORT, J.  The record submitted, to which is attached your request above mentioned, discloses that the said Frank Clark was charged by information in the district court of McCurtain county, Okla., of the crime of murder; that said information was filed in said court on the 28th day of February; that on said day the defendant entered his plea of guilty, and testimony was taken by the court to ascertain the facts and circumstances of the killing.  Under the Constitution and laws of our state, any person convicted of a felony may appeal, within six months from the date the judgment was rendered, to the Criminal Court of Appeals.

From an examination of the records of this court, we find that no appeal has been taken in said case; that the time for defendant to appeal expired September 5, 1934. The record shows that the defendant entered his plea of guilty to the killing of Mrs. Anna Stiles the 13th day of February, 1934.  The testimony in substance shows that defendant for some time had cultivated a piece of land be-

longing to George Dean, but that for the year 1934 Dean had rented the land to Dan Stiles, the husband of Anna Stiles. On the morning of the killing, Dan Stiles' boys were plowing in the field, and Dan Stiles and his wife, Anna Stiles, had gone into the field. The first thing that attracted the boys' attention, they heard a shot and looked and saw their father fall, and immediately started toward him. The defendant then shot Anna Stiles twice. After shooting Mrs. Stiles, he started toward the home of Mr. and Mrs. Stiles. When one of the sons, who was running toward the father and mother, was within about 100 yards of them, he was fired upon by the defendant, and the defendant then turned and ran.

The record shows that neither Dan nor Anna Stiles had ever had any trouble with the defendant. When the case was called, the defendant entered his plea. Counsel was appointed by the court and represented the defendant. It has been uniformly held by this court that the statute above quoted contemplates an advisory opinion where the appeal has not been taken in a capital case and where the death penalty has been assessed. The questions presented are, Has there been an observance of all formalities of law essential to the taking of human life? Has the trial, conviction, and sentence of death been in accordance with the laws of our state?

After a careful consideration of the record before us, we find the information sufficiently and correctly charges the crime of murder; that the defendant had the benefit of counsel; that all the formalities of law essential to the infliction of the death penalty have been fully observed. Upon the record before us, we are of the opinion that the defendant, Frank Clark, had been adjudged to suffer the extreme penalty of the law as prescribed by law, and that his conviction and sentence of death has been in accordance

with the laws of our state. It was a brutal and deliberate murder, well meriting the extreme penalty assessed by the court.

EDWARDS, P. J., and CHAPPELL, J., concur.